JOHN H. KINSHELLA v. W. H. SMALL AND ANOTHER.[1]

July 6, 1917.

Nos. 20,462—(241).

**Special verdict sustained.**

    1. The evidence sustains the special verdict of the jury upon all the issues submitted and answered.

**Trial — defendants not prejudiced.**

    2. No error occurred in the trial to the prejudice of defendants.

Action in the district court for Aitkin county to recover a balance of $1,130.96 upon a subcontract for the construction of state rural highway No. 10. The case was tried before Stanton, J., who at the close of the testimony denied defendants' motion for a directed verdict in findings 1, 2, 3, 4 and 6. The jury made the following replies to questions submitted:

"1. How many acres of land were cleared by the plaintiff herein in doing said work? A. 30.37 acres.

2. How many lineal feet of turnpiking were performed by the plaintiff herein in doing said work? A. 19,821 lineal feet.

3. How many cubic yards of earth were removed by the plaintiff herein in constructing side ditches, in performance of said work? A. 38,393 cubic yards.

4. How many cubic yards of borrowed earth were excavated and placed on said work, by the plaintiff herein, in performing said work? A. 100 cubic yards.

5. Did the plaintiff pay the sum of $41.60 premium on bond for and on behalf of the defendants? A. Yes.

6. Was the work performed by plaintiff after December 1st, 1914, or any part thereof, in excess of the sum of $63.87, in addition to the work required under his contract with defendants? A. Yes.

[1] Reported in 163 N. W. 744.

7. If so, what is the reasonable value of the additional work so performed? A. $165."

From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, except that part of the order which reads: "It is ordered that the motion to amend the notice of motion for a new trial as prayed for be and the same is hereby granted," defendants appealed. Affirmed.

*W. M. O'Hara,* for appellants.

*Washburn, Bailey & Mitchell,* for respondent.

HOLT, J.

Defendants had taken the contract to construct a portion of a state rural highway for the county of Aitkin, and sublet a part to plaintiff. When the work was completed a dispute arose as to the amount due, and this action resulted. The answer denied that the amount of work was as claimed by plaintiff, alleged overpayment, and set up a counterclaim asking for a reformation of the contract. By consent 7 issues were submitted to a jury and answered. There has been no final disposition of the action, but, after the special verdict, a case was settled and a motion made in the alternative for judgment or a new trial. The motion was denied and this appeal taken.

It is plain that the motion for judgment cannot be considered. As to some of the issues answered by the special verdict, the verdict is palpably correct, and, moreover, a final order for judgment cannot be entered, for there are yet issues to be heard and determined by the court.

Several assignments of error challenge the sufficiency of the evidence to sustain the several findings of the jury. We have examined the record with care, and find nothing tangible upon which to predicate defendants' contention.

No doubt, the estimate of the engineer in charge of the work determined the quantity of each item for which plaintiff could ask payment of his contract price. But the difficulty here is, there is no reliable and definite testimony either from the engineer O'Hara or Hanson, his assistant, from which the work could be computed. The final estimate, Exhibit T, is for the whole distance embraced in defendants' contract and does not show the amount done upon the part sublet to plaintiff. In fact the jury had

no evidence of probative value on this point other than plaintiff's own testimony and Exhibit BB, a statement furnished him by defendant Small. This statement was evidently regarded as dependable evidence concerning the quantity of the different items of work done by plaintiff under the contract, for as to the answers upon 3 items the verdict corresponds with the statement, barring a misplaced decimal. That the quantity as to one item was larger than claimed in the complaint, has been rectified by a consent to a reduction, filed by plaintiff. The fourth item related to so-called "borrowed" earth excavated and placed in the road. The jury found 100 cubic yards thereof done by plaintiff. Defendants claim that whatever of "borrowed earth" was in the work was included in another item. Inasmuch as some of the monthly estimates contain "borrowed" earth as a distinct item, the jury might well conclude that that kind of work was not included in any other item for which plaintiff was credited. A fifth item, in the special verdict (the second cause of action), for the premium upon a surety bond which plaintiff was required to keep in force during the progress of the work, depended upon the claim that plaintiff had practically completed his work in November, 1914, but that, since defendants had not completed their part so that the final estimates could be obtained, they desired a renewal of the bond, and requested plaintiff so to do promising to repay the premium paid by him. The jury found that plaintiff paid the premium of $41.60 on behalf of defendants. There is evidence to sustain the finding. The sixth and seventh items of the special verdict relate to extra work and its value. Plaintiff asserted this upon the ground that his contract was substantially complete in the late fall of 1914, but, since the other part of defendants' undertaking was not finished, the county would not make final estimate and payment, and it was not done until the fall of the following year. In the meantime plaintiff was requested by defendants to maintain the road, that is, repair what damage the melting snow and spring rain did to the highway, work not required by the contract. Defendants contend that the delay was upon plaintiff's contract, deny that what work plaintiff did in 1915 was extra, and claim that it was all embraced in the contract. There is much reason in defendants' contention, but plaintiff's claim is not without support in

the record. This court is not authorized to disturb the findings for extra work.

Certain errors are assigned upon the rulings of the court on the reception and rejection of evidence. The engineer's monthly estimates insofar as the same related to work covered by plaintiff's contract were clearly admissible. True, they are, perhaps, not supposd to be as accurate as the final estimate, but have some value, being made by the engineer in charge of the work for the purpose of furnishing the basis for making partial payments to the contractor. It was immaterial whether plaintiff knew that the county commissioners were to accept the road. The provisions of law applicable to the construction of this sort of road he was bound to know. Whether or not plaintiff should maintain the road until accepted, depended on his contract and the statute under which the work was done, and no error was made in excluding plaintiff's opinion on the matter. No prejudicial error occurred in not permitting the engineer O'Hara to state, as of his own knowledge, whether plaintiff was given credit for the number of cubic yards of "borrowed" earth which he actualy excavated, for O'Hara had not been out upon the job except casually. An assistant had charge of it in the field, and assistants made the final estimates. Mr. O'Hara could not speak from personal knowledge.

The error, if there be any, in the charge of the court, is not of a serious character. In speaking of the monthly estimates issued by the engineer the court read, as applicable thereto, the provision contained in section 5541, G. S. 1913, instead of the one found in section 17 of chapter 230, p. 321, Laws 1905. Both authorize preliminary estimates during the progress of the work, and, on work of this sort, the issuance of certificates for the payment of not to exceed 75 per cent thereof. So far as the two sections pertain to the issue before the jury there is no substantial difference.

No other question requires discussion. Upon the record made defendants are not in a position to complain of the special verdict upon the second and third causes of action.

Order affirmed.